OPINION
{¶ 1} Defendant-appellant Jeffery L. Moore appeals from the denial of his 2005 petition for post-conviction relief. His appellate counsel has filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, indicating that he could find no potential assignments of error having arguable merit. In accordance with Anders v. California, supra, we afforded Moore an opportunity to file his own, pro se brief, which he has done.
 {¶ 2} Moore was indicted for the Murder of Derek O. McComb in 1998. He pled guilty to Involuntary Manslaughter, with a firearm specification, as part of a plea bargain. He was sentenced to ten years for Involuntary Manslaughter, the maximum sentence, to be served consecutively with the mandatory three-year sentence for the firearm specification, for a total of thirteen years.
 {¶ 3} Moore did not appeal from his conviction and sentence, but filed a petition for post-conviction relief in 1999. This motion was denied.
 {¶ 4} In December, 2004, Moore filed a motion for a modification of his sentence. This motion was denied, and, in 2005, he filed a motion for a delayed appeal from the denial of the motion. We denied Moore's motion for a delayed appeal, and dismissed that appeal. Moore's effort to obtain review by the Ohio Supreme Court of our decision to deny his motion for a delayed appeal was unsuccessful.
 {¶ 5} Moore then filed a second petition for post-conviction relief, which is the subject of this appeal. The trial court concluded that Moore had not satisfied the jurisdictional prerequisites for a second, or successive, petition for post-conviction relief set forth in R.C. 2953.23(A)(1), because he failed to demonstrate that subsequently to the filing of his petition for post-conviction relief, the United States Supreme Court recognized a new federal or state right that applies retroactively to him. Accordingly, the trial court dismissed Moore's 2005 petition for post-conviction relief.
 {¶ 6} Moore has filed a timely appeal from the denial of his 2005 petition for post-conviction relief.
 {¶ 7} In his 2005 petition, Moore contends that the imposition of a more-than-minimum sentence for Involuntary Manslaughter without a jury's having made the findings required by R.C. 2929.14(B) violated his right to a jury under the holdings of Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, and United States v. Booker
(2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621.
 {¶ 8} Any possible doubt as to whether the Blakely orBooker holdings establish a new right that applies retroactively to Moore was resolved by the decision of the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Foster determined the impact of the Blakely
and Booker decisions on Ohio felony sentencing. In ¶ 104 ofFoster, supra, the Ohio Supreme Court held that the invalidation of the statutory requirement of certain findings for the imposition of maximum or more-than-minimum sentences applies to cases "pending on direct review." Moore did not avail himself of the opportunity to obtain direct review of his 1999 conviction and sentence when he failed to appeal from it. His case was, therefore, not pending on direct review at the time that Statev. Foster was decided, and it therefore has no retroactive application to him.
 {¶ 9} R.C. 2953.23(A) provides, in pertinent part:
 {¶ 10} "Whether a hearing is or is not held on a petition [for post-conviction relief] filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 11} "(1) Both of the following apply:
 {¶ 12} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 or the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 13} "(b) * * *.
 {¶ 14} "(2) * * *."
 {¶ 15} The trial court dismissed Moore's petition for lack of jurisdiction, finding that he had failed to demonstrate that the United States Supreme Court recognized a new federal or state right that applied retroactively to him. We have reviewed the entire record, and we have found no reasonable argument that can be made that the trial court erred in finding that it lacked jurisdiction to entertain Moore's 2005 petition for post-conviction relief. Therefore, we conclude that this appeal is wholly frivolous.
 {¶ 16} The judgment of the trial court is Affirmed.
Grady, P.J., and Donovan, J., concur.